**Nonna S. SHAKRAMANYAN,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 04–71436.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 22, 2008.*

Filed April 28, 2008.

Elisa C. Brasil, Dominic E. Capeci, Law Offices of Kaiser & Capeci, San Francisco, CA, for Petitioner.

J. Tom Boer, U.S. Department of Justice, Env. & Natrl. Resources Div./Enf. Sec., Jennifer L. Lightbody, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Nonna Shakramanyan, a citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings conducted in absentia based upon ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Shakramanyan's contention that the BIA should have exercised its sua sponte authority to reopen her case. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

The BIA did not abuse its discretion in denying as untimely Shakramanyan's motion to reopen because the motion was filed more than two years after the BIA's May 15, 2001 order. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed no later than 90 days after the final administrative decision). The BIA properly concluded that Shakramanyan was not entitled to equitable tolling because she did not demonstrate that she exercised due diligence. *See Iturribarria,* 321 F.3d at 897 (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We do not reach Shakramanyan's remaining contentions.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

